UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80051-KAM

UNITED STATES OF AMERICA

vs.

DEANDRE SHAWN BURGESS,

**Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and DEANDRE SHAWN BURGESS (hereinafter the "defendant") enter into the following agreement.

1. The defendant agrees to plead guilty to the sole count of the Indictment that charges the defendant with possession of a firearm and ammunition by a prohibited person – convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

2

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that, the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that by pleading guilty he is subject to the imposition of a maximum sentence of ten (10) years imprisonment. The defendant also understands and acknowledges that the Court may impose a statutory maximum fine of up to $250,000 and a term of supervised release of up to 3 years.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed pursuant to this agreement, a special assessment in the amount of $100.00 will be imposed. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the

United States v. Deandre Shawn Burgess,
19-80051-CR-KAM – Plea Agreement

offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing, that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

United States v. Deandre Shawn Burgess,
19-80051-CR-KAM – Plea Agreement

7. The defendant agrees that had this case proceeded to trial, the United States would have been able to prove the following facts beyond a reasonable doubt. On Saturday, October 20, 2018, the West Palm Beach Police Department was dispatched to the intersection of Banyan Boulevard and North Australian Ave in reference to an accident with fatalities. This location was within the City of West Palm Beach and the Southern District of Florida. Officers who arrived on scene removed the occupants of a black Nissan sedan which had previously caught fire. The defendant was a backseat passenger. The officers assisted the defendant from the vehicle and had him sit down nearby to check his medical condition. As he was seated, officers observed the grip of a semi-automatic handgun protruding from the defendant's left pants pocket. The handgun was later determined to be a Kahr, Model CW45, .45 ACP pistol that was loaded with five (5) rounds in the magazine and one (1) round in the chamber. The gun was so firmly stuck in the defendant's pocket that it had to be cut out of the defendant's pants pocket by a police officer At that time, the defendant was a convicted felon and prohibited from possessing a firearm and ammunition. Furthermore, the defendant had knowledge of the fact that he was a convicted felon, and the firearm and ammunition had previously traveled in interstate commerce.

8. The United States and the defendant agree, although not binding on the Court or Probation Office, that the parties will jointly recommend that the defendant be sentenced to a term of 36 months in prison, follow by a period of supervised release as to this matter. The parties further agree that any term of imprisonment imposed at sentencing in this matter be ordered to run concurrently with any sentence of imprisonment imposed in Case Number 17-CR-80147-KAM, for which the defendant is presently on supervised release.

9. The defendant understands and is aware that his sentence has not yet been

5

determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. The defendant hereby voluntarily abandons to the West Palm Beach Police Department all right, title, and interest in the following items:

(a) one (1) Kahr, Model CW45, .45 ACP pistol and

(b) approximately six (6) rounds of .45 ACP caliber ammunition.

United States v. Deandre Shawn Burgess,
19-80051-CR-KAM – Plea Agreement

6

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 5/24/19   By: _____
ADAM C. McMICHAEL,
ASSISTANT UNITED STATES ATTORNEY

Date: 5/16/19   By: _____
SCOTT BERRY,
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 5-16-19   By: _____
DEANDRE SHAWN BURGESS,
DEFENDANT

United States v. Deandre Shawn Burgess,
19-80051-CR-KAM – Plea Agreement